UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JUAN GARCIA DEHUMA,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>JASON KNIGHT, *et al.*,<br><br>　　　　　Respondents. | Case No. 2:26-cv-00455-RFB-EJY<br><br>**ORDER TO SHOW CAUSE** |

Petitioner Juan Garcia Dehuma, an immigration detainee, has filed a counseled Petition for a Writ of Habeas Corpus (ECF No. 1) ("Petition") and a Motion for a Temporary Restraining Order (ECF No. 2). He challenges the lawfulness of his ongoing detention at Nevada Southern Detention Center in the custody of Federal Respondents. In his Motion, he asks the Court to serve the Petition, set a briefing schedule, and restrain Respondents from transferring Petitioner out of this district pending adjudication on the merits of the Petition. For the following reasons, the Court grants the Motion and orders Respondents to show cause why the Writ should not be granted.

The Court has reviewed the Petition and preliminarily finds Petitioner can likely demonstrate that his circumstances warrant the same relief as this Court ordered for Petitioner Escobar-Salgado in Escobar Salgado v. Mattos, No. 2:25-cv-01872-RFB-EJY, 2025 WL 3205356 (D. Nev. Nov. 17, 2025).Therefore, Respondents are **ORDERED TO SHOW CAUSE** why the Writ should not be granted. See 28 U.S.C. § 2243. Respondents shall file, in writing, a **(i) notice of appearance** and **(ii) "a return certifying the true cause of detention"** on or before **February 23, 2026.** See id. Petitioner may file a traverse on or before **February 26, 2026.**

**IT IS FURTHER ORDERED** the Parties shall indicate in their briefing whether they request oral argument or an evidentiary hearing on the Petition. The Court is amenable to ruling on the papers if the Parties indicate that they are willing to waive a hearing. If Respondents do not

1  plan to offer new arguments—*i.e.*, arguments which have not been addressed by this Court—they
2  may: indicate as much, reference their previous briefing, and reserve their appellate rights. They
3  may not, however, incorporate briefing in a manner that would circumvent the page limits under
4  LSR 3-2 without leave. Respondents should file any referenced briefing as an attachment for
5  Petitioner's Counsel's review.

6  Additionally, the Court finds Petitioner has established a *prima facie* case for relief and
7  that ordering Respondents to produce documents reflecting the basis for their detention of
8  Petitioner is necessary for the Court to "dispose of the matter as law and justice require." See
9  Harris v. Nelson, 394 U.S. 286, 290 (1969) (holding that "a district court, confronted by a petition
10 for habeas corpus which establishes a *prima facie* case for relief, may use or authorize the use of
11 suitable discovery procedures . . . reasonably fashioned to elicit facts necessary to help the court
12 to 'dispose of the matter as law and justice require'") (citing 28 U.S.C. § 2243). Therefore, **IT IS**
13 **FURTHER ORDERED** Respondents must file any documents referenced, or relied upon, in their
14 Return with their filing. If Respondents' asserted basis for detaining Petitioner is reflected in any
15 documents in their possession, including, but not limited to, an arrest warrant, notice to appear,
16 Form-286, and/or Form I-213 relevant to Petitioner's arrest, detention, and/or removal
17 proceedings, Respondents must so indicate, and file said documents with their pleading. If no such
18 documents exist to support the asserted basis for detention, Respondents must indicate that in their
19 Return.

20 **IT IS FURTHER ORDERED** Local Rules 7-2, 7-3, and 7-4 will govern the requirements
21 and scheduling of all other motions filed by either party.

22 **IT IS FURTHER ORDERED** the Parties shall file all documents and exhibits in accordance
23 with Local Rules LR IA 10-1 through 10-5.

24 **IT IS FURTHER ORDERED** the Parties must meet and confer regarding any requests for
25 an extension of deadlines and stipulate to the extension if possible. Any motion for extension must
26 certify efforts taken to meet and confer and indicate the opposing Party's position regarding the
27 extension. Any motion or stipulation must comply with Federal Rule of Civil Procedure 6(b) and
28 Local Rules IA 6-1, 6-2.

**IT IS FURTHER ORDERED** that the (ECF No. 2) Motion for Temporary Restraining Order is **GRANTED**. Respondents shall not transfer Petitioner out of this District. This Court has "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction." F.T.C. v. Dean Foods Co., 384 U.S. 597, 601 (1966); see also Al Otro Lado v. Wolf, 952 F.3d 999, 1007 n.6 (9th Cir. 2020) ("Having concluded that [agency action] would interfere with the court's jurisdiction . . . , the district court properly issued an injunction under the All Writs Act.") (citing 28 U.S.C. § 1651(a)). Were Petitioner prematurely removed from the United States District of Nevada, or more broadly the United States, their removal could interfere with the Court's jurisdiction over his claims. Given the exigent circumstances surrounding Petitioner, the Court finds that this Order is warranted to maintain the *status quo* pending resolution of their case on the merits, and the Court finds that Petitioner has satisfied the factors governing the issuance of such preliminary relief.

**IT IS FURTHER ORDERED** that the Clerk of Court is kindly instructed to:

1. **ADD** the United States Attorney for the District of Nevada to the docket as an Interested Party. Pursuant to the District of Nevada's General Order 2026-03 (Feb 13, 2026), this constitutes service on all federal respondents under Federal Rule of Civil Procedure 4 and 28 U.S.C. § 2243.

2. **ADD** Counsel for Respondent John Mattos at ahesman@strucklove.com to the docket. and, **SEND** them a copy of the Petition (ECF No. 1), attachments (ECF Nos. 1-1, 1-2, 1-3, 1-4, 1-5, 1-6, 1-7, 1-8, 1-9, 1-10, 1-11, 1-12, 1-13, 1-14, 1-15, 1-16, 1-17), Motion (ECF No. 2), and this Order through CM/ECF.

3. **MAIL** a copy of the Petition (ECF No. 1), attachments (ECF Nos. 1-1, 1-2, 1-3, 1-4, 1-5, 1-6, 1-7, 1-8, 1-9, 1-10, 1-11, 1-12, 1-13, 1-14, 1-15, 1-16, 1-17), Motion (ECF No. 2), and this Order pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure to Respondent John Mattos at Nevada Southern Detention Center, 2190 E. Mesquite Ave., Pahrump, NV 89060.

**DATED:** February 20, 2026.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**